SLIP OPINION

Cite as 2015 Ark. App. 277

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-14

| | |
|---|---|
| JENNIFER MCDONALD<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and A.M. and<br>I.M., MINORS<br>APPELLEES | **Opinion Delivered** April 29, 2015<br><br>APPEAL FROM THE CLAY COUNTY<br>CIRCUIT COURT<br>[NO. EJV2013-19]<br><br>HONORABLE CINDY THYER,<br>JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

Jennifer McDonald appeals the Clay County Circuit Court's decision to terminate her parental rights to her children A.M. and I.M. McDonald's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw, stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2014); *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). Our court clerk mailed a certified copy of counsel's motion and brief to McDonald's last known address informing her of her right to file pro se points for reversal. She has not filed any pro se points. We affirm the court's decision to terminate McDonald's parental rights to A.M. and I.M. and grant counsel's motion to withdraw.

SLIP OPINION

We review termination of parental rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based upon a finding by clear and convincing evidence that the sought after termination is in the children's best interest. The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1) (2013). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent

that were made during the hearing from which the order on appeal arose.  Ark. Sup. Ct. R. 6-9(i)(1)(B).

McDonald's attorney argues that there would be no merit in challenging the sufficiency of the statutory grounds or the court's best-interest finding.  We agree.

The circuit court terminated McDonald's rights on two of the statutory grounds that DHS alleged against her—the "failure to remedy" ground and the "other factors arising" ground. We need not address both grounds because DHS only had to prove one statutory ground to support a termination, and it did so.  The statutory ground on which we affirm the termination order is the "other factors" ground, which states:

> [O]ther factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Supp. 2013).

The circuit court decided to terminate McDonald's parental rights on this statutory ground because McDonald has had continued problems with drug use throughout the case and did not have a safe home to which the children could return.  The children were originally removed from McDonald's custody because of a hotline report stating that A.M. and I.M. needed a caretaker at the Piggott Family Medical Center because McDonald was too intoxicated to care for them, and the children were scared to go home.  According to DHS, McDonald was "very intoxicated," incoherent, and failed an alcohol screening test.  During the course of the DHS case, McDonald was arrested for possession of marijuana

and tested positive for THC at the permanency-planning hearing and at the termination hearing. The court credited caseworker Brittany Howard's testimony that she offered to meet with McDonald to discuss inpatient drug or alcohol rehabilitation services and that Howard offered to help McDonald look for rehab options. McDonald testified at the termination hearing that she had a drug-and-alcohol assessment and that the assessor recommended drug treatment, which she admittedly chose not to do. When questioned about it, McDonald would not admit that she needed help with a drug problem although she did not dispute the positive drug-test results. She also acknowledged that she stopped going to the NA/AA meetings that the court had previously ordered her to attend. Other testimony, including McDonald's, supported the court's finding that McDonald was living with a man with a criminal record and a child-maltreatment history with DHS. The court also credited Caseworker Howard's testimony that McDonald's home lacked sufficient space for the children and that the home was dirty and unsanitary. Throughout the case, the court found that DHS had made reasonable efforts to provide appropriate family services to McDonald. Taken as a whole, there is clear-and-convincing evidence to support the court's termination under the "other factors" ground.

The court's finding that it was in the children's best interest for McDonald's rights to be terminated is sufficiently supported by the record. Caseworker Howard testified the current foster parent was interested in adopting both children, and there was a high likelihood of adoption. There is also sufficient evidence to support the court's finding that a substantial risk of harm existed if the children were returned to McDonald's care. For example, the court specifically credited Caseworker Howard's testimony about

McDonald's unsafe home, lack of resources, and her unresolved drug and alcohol use as evidence of potential harm.

In the argument section of the brief, counsel has listed the only adverse ruling in this case apart from the court's termination decision. The adverse ruling is the court's denial of McDonald's oral motion for a continuance at the beginning of the termination hearing. Counsel's brief adequately explains why the court's denial of McDonald's continuance motion was not an abuse of discretion.

After reviewing the record and counsel's brief, we agree with counsel that an appeal from the circuit court's decision to terminate McDonald's parental rights would be wholly without merit. Because McDonald's counsel has complied with the requirements of *Linker-Flores* and this court's rules, we affirm the court's termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

No Response.